## J. S. Eberman, Appellant, *v.* American Insurance Co.

*Fire insurance—Service of process—Agent—Practice—Act of* 1889.

Under the act of May 13, 1889, P. L. 198, the record of a justice of the peace in an action against a fire insurance company is insufficient where it shows that the writ was returned as served on the defendant company by leaving a copy of the writ with its agent, without further description of the agent.

It seems that the agent intended by the act is one having a branch office of the company, or a certificate of authority for the transaction of its business, and not one for the purpose merely of soliciting insurance.

Argued Oct. 17, 1894. Certiorari, No. 261, Oct. T., 1894, by plaintiff, from order of C. P. Washington Co., May T., 1894, No. 161, sustaining exceptions to the record of a justice of the peace. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to record of justice of peace.

The transcript of the record was as follows :

" J. S. Eberman v. The American Fire Insurance Company, whereof A. C. McCain of Charleroi is agent.

" 1101. Summons issued March 28, 1894, to Wm. Keys, constable, returnable April 4, 1894, between 4 and 5 o'clock, p. m. Returned 'Served on the within named Deft. Co. this 29th day of March, 1894, by leaving with A. C. McCain its agent a true and certified copy of the original summons at the office in Charleroi, Pa.' Plff. claims $2.50 on return premium policy No. 9418, issued by Deft. Co., demand $2.50. And now, April 4, 1894, Plff. and A. C. McCain appear. Geo. Lenhart and A. C. McCain swn for Plff. After hearing the evidence and the parties, judgment in favor of Plff. for $2.50 and costs of suit."

The following exceptions were filed to the record :

" 1st. Said judgment was rendered without any legal service upon the said defendant company.

" 2d. The record does not show that A. C. McKean, upon whom service of summons was made, was an agent of the said defendant company, or had any authority whatever to represent them in the said action.

" 3d. That the said A. C. McKean was not an agent of the said company upon whom any legal service could be made."

The court sustained the exceptions recited above, in an opinion by McILVAINE, P. J.

From depositions taken in the case it appeared that A. C. McKean had no authority from the company, except to solicit insurance.

*Errors assigned* were (1–3) in sustaining the exceptions, quoting them.

*N. E. Clark, William I. Berryman* with him, for appellant, cited, on service of writ: Act of May 13, 1889, P. L. 198; Quinn v. Beneficial Assn., 100 Pa. 382; Hagerman v. Slate Co., 97 Pa. 534; Kleckner v. Lehigh Co., 6 Whart. 66; Ins. Co. v. Fuller, 81 Pa. 398; Iron Works v. Hutchinson, 101 Pa. 359; Com. v. R. R., 1 Pearson, 341; 2 Weimer's Railroad Law, 808.

*John W. & A. Donnan,* for appellee, not heard, cited, on service of writ: Acts of May 13, 1889, P. L. 198; April 24, 1857, P. L. 318; April 8, 1851, § 6, P. L. 324; Parke v. Ins. Co., 44 Pa. 422; Liblong v. Ins. Co., 82 Pa. 414.

PER CURIAM, Oct. 29, 1894:

This certiorari brings before us nothing but the record proper of the court of common pleas; and an inspection of that discloses no error that would justify us in reversing the judgment complained of.

Judgment affirmed.